**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3619
_____

CLARK JEAN JUNIOR JEAN BAPTISTE
a/k/a Clark Jean Baptiste, a/k/a Clark Baptiste, a/k/a Stevenson Jean Baptiste,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-505-094)
Immigration Judge: Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 23, 2016
Before: SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 23, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Clark Jean Junior Jean-Baptiste ("Petitioner"), proceeding pro se, has requested review of a Board of Immigration Appeals ("BIA") decision dated September 2, 2016. Finding that Petitioner's claims all lack merit, we will deny the petition for review.

Petitioner is a native and citizen of Haiti. He entered the United States in 2006 when he was 16 years old. Petitioner became a lawful permanent resident, then committed several crimes, while residing in Irvington, New Jersey.

In March 2015, Petitioner was issued a Notice to Appear, charging removability based on aspects of his criminal history. An Immigration Judge ("IJ") determined that Petitioner was removable under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1227(a)(2)(C).[1]

Petitioner then applied for asylum and withholding/deferral of removal. Petitioner and his father, Etienne, testified at an evidentiary hearing. Etienne in particular testified that he was a lieutenant in the Haitian army under then-president Jean-Bertrand Aristide until the 1991 coup, after which Etienne fled to the United States. When asked why he feared for Petitioner's safety, were he returned to Haiti, Etienne offered little more than generalities: "Well, because of the way things are in Haiti . . . . [W]hen you go to Haiti, [ ] it's either you go to jail, or you get killed."

After hearing testimony from the witnesses and considering documentary evidence submitted by both sides, the IJ denied all relief. In rejecting Petitioner's request for relief under the Convention Against Torture ("CAT"), the IJ found that although Petitioner

---

[1] Pursuant to § 1227(a)(2)(A)(iii), an alien convicted of an "aggravated felony" after admission to the United States is removable. Pursuant to § 1227(a)(2)(C), most firearm convictions render an alien removable.

"claims that he would be tortured because of the political actions of his father, his father fled Haiti over 25 years ago, and there's no evidence that he has been threatened, targeted, or identified since that time."

The BIA affirmed. It reasoned that Petitioner is an aggravated felon under 8 U.S.C. § 1101(a)(43)(G)—and thus ineligible for asylum—because he was convicted of robbery in violation of N.J.S.A. 2C:15-1, and was sentenced to three years in prison.[2] The BIA reasoned further that Petitioner failed to demonstrate eligibility for withholding of removal under the Immigration and Nationality Act because the articulated bases for relief were either non-cognizable or without record support. Finally, for the reasons given by the IJ, the BIA determined that Petitioner was not entitled to CAT relief.

This timely petition for review followed. On October 11, 2016, a panel of this Court denied Petitioner's motions to stay removal and for appointment of counsel.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), limited by § 1252(a)(2) to constitutional claims and questions of law because Petitioner was found removable as an aggravated felon.[3] We review constitutional and other legal questions de novo.

Of the claims raised by Petitioner over which we may exercise jurisdiction, none has any merit.[4] Indeed, we roundly rejected certain of his claims—arguing for

---

[2] Section 1101(a)(43)(G) provides one of the many meanings of "aggravated felony": "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year."

[3] Petitioner does not challenge his removability as an aggravated felon under 8 U.S.C. § 1101(a)(43)(G) and 8 U.S.C. § 1227(a)(2)(A)(iii). Therefore, this issue is waived. Voci v. Gonzales, 409 F.3d 607, 609 n.1 (3d Cir. 2005).

recognition of "criminal deportees" as a statutorily protected "social group," and for our adoption in immigration cases of a "state-created danger" theory of relief—both of which we rejected a decade ago in precedential opinions.[5] In addition, we deem irrelevant Petitioner's claim that since he was not convicted of a "particularly serious crime" with an aggregate sentence of at least five years, he evades the bar to relief under 8 U.S.C. § 1231(b)(3)(B)(ii); Petitioner was found ineligible for asylum (only) not under that provision, but under 8 U.S.C.

§ 1158(b)(2)(B)(i). Finally, while Petitioner argues that his due process rights were violated during the removal hearing, he does not support this claim with any substance sufficient to make it reviewable by this Court.[6]

For the above-stated reasons, we will deny the petition for review.

---

[4] Regarding whether Petitioner is entitled to CAT relief, we note that the inquiry has two distinct parts: one is factual ("what is likely to happen to the petitioner if removed[?]"), and one is a legal ("does what is likely to happen amount to the legal definition of torture?"). Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010). The BIA deferred to the IJ's factual finding that Petitioner was unlikely to be harmed upon removal to Haiti. Because of Petitioner's aggravated felony conviction, that finding is unreviewable by this Court. See Green v. Att'y Gen., 694 F.3d 503, 507 (3d Cir. 2012).

[5] See Toussaint v. Att'y Gen., 455 F.3d 409, 418 (3d Cir. 2006) ("[W]e hardly can conceive that Congress would select criminals as a group warranting special protection in removal cases."); Kamara v. Att'y Gen., 420 F.3d 202, 217 (3d Cir. 2005) ("We . . . hold that the state-created danger exception has no place in our immigration jurisprudence.").

[6] See John Wyeth & Bros. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) (arguments raised in passing are considered waived).